**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIANGELO BEASLEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **Judge** |
| | ) | |
| **POLICE OFFICER JOHN CICHY,** | ) | **Mag. Judge** |
| **POLICE OFFICER MATTHEW HUDAK,** | ) | |
| **POLICE OFFICER TERRANCE O'BRIEN,** | ) | |
| **Individually;** | ) | |
| **VILLAGE OF SCHAUMBURG** | ) | **Jury Demand** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Diangelo Beasley, by and through one of his attorneys,

David S. Lipschultz of Goldberg Weisman Cairo, and in complaining against the Defendants,

Police Officer John Cichy, Police Officer Matthew Hudak, Police Officer Terrance O'Brien,

Individually, and the Village of Schaumburg (Illinois), states as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983

and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress

deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the

Defendants and committed under color of law.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts

complained of took place in this district.

1

## PARTIES

4.      The Plaintiff, Diangelo Beasley, is a United States citizen and a resident of the State of Illinois, County of Cook.

5.      At all relevant times herein referenced, Defendant Police Officer John Cichy ("Officer Cichy") was employed by the Village of Schaumburg as a sworn police officer.  He is sued in his individual capacity.  At the time of the incident at issue in this Complaint, Officer Cichy was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.      At all relevant times herein referenced, Defendant Police Officer Matthew Hudak ("Officer Hudak") was employed by the Village of Schaumburg as a sworn police officer.  He is sued in his individual capacity.  At the time of the incident at issue in this Complaint, Officer Hudak was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.      At all relevant times herein referenced, Defendant Police Officer Terrance O'Brien ("Officer O'Brien") was employed by the Village of Schaumburg as a sworn police officer.  He is sued in his individual capacity.  At the time of the incident at issue in this Complaint, Officer Cichy was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8.      At all times relevant herein, Defendant Village of Schaumburg was and is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendants: Officer Cichy, Officer Hudak and Officer O'Brien.

## THE DEFENDANT POLICE OFFICERS ARE
## FACING CRIMINAL FELONY CHARGES IN DUPAGE COUNTY

9.     On January 16, 2013, the Defendant Schaumburg Police Officers — John Cichy, Matthew Hudak, Terrance O'Brien — were arrested after a U.S. Drug Enforcement Agency and DuPage County investigation revealed they were allegedly conducting a host of felonies.  These Defendants are charged with unlawful delivery of controlled substances, armed violence, unlawful drug conspiracy, official misconduct, theft, and burglary.  The DuPage State's Attorney's Office alleges that the officers' criminal conduct dates back to at least mid-2012.  The authorities allege, among other acts, that the Defendants illegally searched individuals' homes, vehicles, and persons to extort narcotics and/or money.

10.     The present case involves the Defendants' acts in falsely arresting the Plaintiff.

## FACTS COMMON TO ALL CLAIMS

11.     On or about June 27, 2012, at approximately 11:00 a.m., Mr. Beasley visited a friend in Arlington Heights, Illinois.  The Plaintiff's friend introduced the Plaintiff to a third individual, now known to be Officer Matthew Hudak.  The Plaintiff, his friend and Officer Hudak drove towards Palatine, Illinois in the Plaintiff's friend's car.

12.     While still in Arlington Heights, near the Arlington Heights Metra Train Station, Officer Hudak pulled a gun out and aimed it at the Plaintiff.

13.     Officer Hudak struck Mr. Beasley on his head with the gun.

14.     Officer Hudak proceeded to pull Mr. Beasley out of the vehicle.  Mr. Beasley staggered due to the blow to his head.

15. Officer Cichy and Officer O'Brien then appeared by the vehicle from an unknown location.

16. Officer Cichy and/or Officer O'Brien tackled the Plaintiff to the ground and beat him.

17. Officer Cichy, Officer Hudak and Officer O'Brien arrested the Plaintiff.

18. The Plaintiff was not committing any crimes or bad acts whatsoever.

19. The actions of Officer Cichy, Officer Hudak and Officer O'Brien were committed intentionally, willfully, wantonly and with malice.

20. As a result of the conduct of Officer Cichy, Officer Hudak and Officer O'Brien, the Plaintiff spent over seven months in jail.

**COUNT I**
**SECTION 1983 FALSE ARREST**
**AGAINST OFFICERS CICHY, HUDAK AND O'BRIEN**

21. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 20 as his respective allegations of paragraph 21 of Count I.

22. Officer Cichy, Officer Hudak and Officer O'Brien did not have probable cause to arrest Mr. Beasley.

23. The actions of Officer Cichy, Officer Hudak and Officer O'Brien violated the Mr. Beasley's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

24. As a direct and proximate consequence of said conduct of Officer Cichy, Officer Hudak and Officer O'Brien, Mr. Beasley suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

4

WHEREFORE, the Plaintiff, Diangelo Beasley, prays for judgment against the Defendants, Officer Cichy, Officer Hudak and Officer O'Brien, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

### COUNT II
### SECTION 1983 DUE PROCESS (BRADY VIOLATIONS) AGAINST OFFICERS CICHY, HUDAK AND O'BRIEN

25.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 20 as his respective allegations of paragraph 25 of Count II.

26.     Officer Cichy, Officer Hudak and Officer O'Brien deprived Mr. Beasley of fair criminal proceedings by engaging in multiple acts, which include, but are not limited to, withholding exculpatory evidence from Mr. Beasley and his criminal defense attorneys.

27.     The acts described in the preceding paragraph were directed toward Mr. Beasley, were intentional and material, and therefore were in violation of the Plaintiff's due process rights.

28.     As a direct and proximate consequence of said conduct of Officer Cichy, Officer Hudak and Officer O'Brien, Mr. Beasley suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

29.     By reason of the conduct of Officer Cichy, Officer Hudak and Officer O'Brien Mr. Beasley was deprived of rights, privileges, and immunities secured to him by the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted therein.

WHEREFORE, the Plaintiff, Diangelo Beasley, prays for judgment against the Defendants, Officer Cichy, Officer Hudak and Officer O'Brien, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## §1983 CONSPIRACY
## AGAINST OFFICERS CICHY, HUDAK AND O'BRIEN

30.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 20 as his respective allegations of paragraph 30 of Count III.

31.     Officer Cichy, Officer Hudak and Officer O'Brien entered into an agreement to falsely arrest Mr. Beasley and to deprive Mr. Beasley of due process of law, in violation of to 42 U.S.C. §1983.

32.     Officer Cichy, Officer Hudak and Officer O'Brien were willful participants in the joint activity as state actors.

33.     Officer Cichy, Officer Hudak and Officer O'Brien understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do their part to further the objectives.

34.     As a direct and proximate consequence of said conduct of Officer Cichy, Officer Hudak and Officer O'Brien, Mr. Beasley suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Diangelo Beasley, prays for judgment against the Defendants, Officer Cichy, Officer Hudak and Officer O'Brien, for compensatory damages,

punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## §1983 EXCESSIVE FORCE
## AGAINST OFFICERS CICHY, HUDAK AND O'BRIEN

35.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 20 as his respective allegations of paragraph 35 of Count IV.

36.     The force used by Officer Cichy, Officer Hudak and Officer O'Brien was unreasonable, unprovoked, unnecessary and excessive.

37.     As a result of the actions of the Officer Cichy, Officer Hudak and Officer O'Brien, Mr. Beasley was injured.

38.     Said actions of Officer Cichy, Officer Hudak and Officer O'Brien violated the Plaintiff's Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

39.     As a direct and proximate consequence of said conduct of Officer Cichy, Officer Hudak and Officer O'Brien, the Plaintiff suffered violations of his constitutional rights, physical injuries, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, the Plaintiff, Diangelo Beasley, prays for judgment against the Defendants, Officer Cichy, Officer Hudak and Officer O'Brien, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

**COUNT V**
**NEGLIGENT SUPERVISION**
**AGAINST THE VILLAGE OF SCHAUMBURG**

40.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 20 as his respective allegations of paragraph 40 of Count V.

41.     The Defendant Village of Schaumburg has a duty to supervise its employees.

42.     The Village of Schaumburg negligently supervised Officers Cichy, Hudak and O'Brien.

43.     The Village of Schaumburg's negligence proximate caused the Plaintiff's injuries.

WHEREFORE, the Plaintiff, Diangelo Beasley, prays for judgment against the Defendant Village of Schaumburg for compensatory damages plus costs, and such other and additional relief as this Court deems equitable and just.

**COUNT VI**
**INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102**
**AGAINST THE VILLAGE OF SCHAUMBURG**

44.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 43 as his respective allegations of paragraph 44 of Count VI.

45.     The acts of Officers Cichy, Hudak and O'Brien were committed in the scope of their employment with the Defendant Village of Schaumburg.

46.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of Schaumburg is liable for any judgments for compensatory damages in this case arising from the actions of Officers Cichy, Hudak and O'Brien.

WHEREFORE, the Plaintiff, Diangelo Beasley, respectfully asks this Honorable Court to order the Defendant Village of Schaumburg to pay the Plaintiff any judgments for compensatory damages against Defendant Officers Cichy, Hudak and O'Brien.


## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,


/s/ David S. Lipschultz

David S. Lipschultz
Goldberg Weisman Cairo
One East Wacker, 38th Floor
Chicago, IL  60601
Telephone: 312-464-1200
Atty. No. 6277910

9