UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANGELO BEASLEY, | ) | |
| | ) | No. 13 C 1281 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| POLICE OFFICER JOHN CICHY; POLICE OFFICER MATTHEW HUDAK; POLICE OFFICER TERRANCE O'BRIEN; CHIEF BRIAN HOWERTON; SERGEANT TOM GREENAWAY, INDIVIDUALLY; AND THE VILLAGE OF SCHAUMBURG; | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Diangelo Beasley filed his first amended complaint on July 25, 2013, against Schaumburg police officers John Cichy, Matthew Hudak, and Terrance O'Brien (collectively, the "Officers"), alleging false arrest, due process violations, conspiracy, and excessive force, all in violation of 42 U.S.C. § 1983. R. 34. Beasley's amended complaint also contains a willful and wanton supervision count against Chief Brian Howerton and Sergeant Tom Greenaway, individually, and the Village of Schaumburg (collectively, the "Village Defendants"). R. 34. The Village Defendants have moved to dismiss the willful and wanton supervision count pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the claim is insufficiently pled. R. 38. For the following reasons, the Court grants the motion to dismiss.

## BACKGROUND

The following facts, drawn from Beasley's first amended complaint, are accepted as true, and all reasonable inferences are drawn in Beasley's favor. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013).

At approximately 11 a.m. on or about June 27, 2012, Beasley visited his friend in Arlington Heights, Illinois, where he was introduced to a third person, now identified as Defendant Officer Hudak. R. 34 at ¶ 13. Beasley, his friend, and Officer Hudak then got into the friend's car and drove towards Palatine, Illinois. R. 34 at ¶ 13. During the car ride, Officer Hudak pulled out his gun, aimed it at Beasley, and struck Beasley on the head with the gun. R. 34 at ¶¶ 14-15. Officer Hudak subsequently pulled Beasley out of the vehicle, and Beasley staggered as a result of the blow. R. 34 at ¶ 16.

Officers Cichy and O'Brien arrived shortly thereafter and proceeded to tackle Beasley to the ground and beat him. R. 34 at ¶¶ 17-18. The Officers then arrested Beasley, which resulted in Beasley spending over seven months in jail. R. 34 at ¶¶ 19-22. Beasley claims that he was not committing any crimes at the time and that the Officers' actions were committed intentionally, willfully, wantonly, and maliciously. R. 34 at ¶ 21.

On January 16, 2013, the Officers were arrested pursuant to a U.S. Drug Enforcement Agency and DuPage County investigation, which revealed that the Officers had committed a number of felonies during their employment with the Village of Schaumburg Police Department. R. 34 at ¶¶ 5-7, 11. The Officers were

later charged with unlawful delivery of controlled substances, armed violence, unlawful drug conspiracy, official misconduct, theft, and burglary. R. 34 at ¶ 11. They were alleged to have illegally searched individuals' homes, vehicles, and people in order to extort narcotics and/or money. R. 34 at ¶ 11. According to the DuPage State's Attorney's Office, the Officers' illegal conduct dates back to at least the middle of 2012. R. 34 at ¶ 11. Chief Howerton, Sergeant Greenaway, and the Village of Schaumburg supervised the Officers throughout the time the Officers were "conducting their criminal campaign," including when Beasley was arrested on June 27, 2012. R. 34 at ¶ 24.

As a result of the Officers' conduct, Beasley filed suit against the collective Defendants on February 18, 2013. R. 1. He later filed his first amended complaint on July 25, 2013, which included a "willful and wanton supervision" count against the Village Defendants ("Count V"). R. 34. As relevant here, Beasley alleges that a professional report from the consulting firm Hillard Heintze, which discusses the leadership and supervision of the Schaumburg police, and the Officers' criminal indictments demonstrate that the Village Defendants knew or should have known that the Officers were engaged in an ongoing criminal conspiracy before the Officers were arrested in January 2013. R. 34 at ¶¶ 11, 25.

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## ANALYSIS

A claim for willful and wanton supervision requires a plaintiff to put forth a course of action demonstrating "an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. "Conscious disregard" can be established by showing the defendant "knew or should have known its employee behaved in a dangerous or otherwise incompetent manner and failed to exercise ordinary care to prevent the behavior." *McDonald v. Camarillo*, No. 10 C 1233, 2010

4

WL 4483314, at *1 (N.D. Ill. Nov. 1, 2010) (citing *Murray v. Chi. Youth Center*, 864 N.E.2d 176, 235 (Ill. 2007)).

In their motion to dismiss, the Village Defendants argue that Count V of Beasley's first amended complaint is insufficiently pled. They contend it merely recites the elements of the cause of action rather than putting forth facts that are non-conclusory legal statements. Specifically, the Village Defendants argue that there is no basis to infer that they knew of the Officers' misconduct given that Beasley's arrest occurred at the beginning of the Officers' criminal campaign. R. 38 at 5-6. They also argue that Beasley has not provided specific instances of the Officers' prior misconduct that they knew or should have known about. R. 38 at 5. The Court agrees.

Accepting as true that the Officers' misconduct began at least in mid-2012, Beasley's arrest in June 2012 would fall within the beginning period of the Officers' criminal campaign. But simply alleging when the conduct occurred is not enough to demonstrate that the Village Defendants knew or should have known of the alleged criminal conspiracy on June 27, 2012; Beasley must allege facts upon which that conclusion could be reasonably drawn. *See D.B. v. Kopp*, 725 F.3d 681, 684 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). To satisfy that requirement, Beasley directs the Court to the professional report and the Officers' criminal indictments.

Beasley argues that because she alleged the criminal indictments say the pattern of the Officers' improper behavior began at least in mid-2012 and continued until the date of the Officers' arrest in January 2013, the Village Defendants had

5

six months to detect "the [O]fficers' conspicuous and blatant misconduct." R. 44 at 4. But that allegation does not support the claim that the Village Defendants must have known of the alleged improper pattern of behavior at the time of the conduct at issue here on June 27, 2012. Whether the Village Defendants knew or should have known of the Officers' alleged conduct sometime thereafter—or how much time they had to learn of the information *after* June 2012—is irrelevant. This allegation, even if true, does not support the Village Defendants' liability in Count V.

Furthermore, Beasley only makes conclusory allegations of what the documents say and what inferences can be drawn from them. *See* R. 34. He did not, however, attach either the professional report or the criminal indictments to his amended complaint, so the Court has no idea what is actually contained in the documents.[1] Without that knowledge, the Court cannot draw any inferences in Beasley's favor from the documents. As it stands, Beasley's amended complaint contains only a bald assertion that the Village Defendants knew or should have known of the Officers' alleged conduct, which by itself is insufficient to defeat a motion to dismiss. R. 34; s*ee Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate

---

[1] The Court may properly consider documents attached to a complaint when ruling on a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to his claim." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012) (stating that a court may "consider public documents and reports of administrative bodies that are proper subjects for judicial notice, though caution is necessary, of course"). The Court, however, does not have electronic or any other type of access to the professional report or the criminal indictments at this time.

abstract recitations of the elements of a cause of action or conclusory legal statements.").

## CONCLUSION

For the foregoing reasons, Chief Howerton, Sergeant Greenaway, and the Village of Schaumburg's motion to dismiss as to Count V, R. 38, is granted. To the extent Beasley contends discovery will provide him with the detail needed to establish that the Village Defendants "[had] either actual or constructive notice of Defendant Officers' official misconduct and illegal activity," R. 44 at 5-6, Beasley may seek leave of Court to file an amended complaint if the deficiencies in Count V can be cured, being mindful of the appropriate statute of limitations under Illinois law. Count V of Beasley's amended complaint is therefore dismissed without prejudice. Accordingly, because the Village of Schaumburg is no longer a defendant in the case, its motion to stay the proceedings, R. 14, is denied as moot.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 20, 2013